UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROSS ENTERPRISES, INC.,
doing business as
THE PANTHEION CLUB,

    Plaintiff,

           CASE NO. 2:11-cv-11132
v.          JUDGE SEAN F. COX
           MAGISTRATE JUDGE PAUL J. KOMIVES

CITY OF DEARBORN, et al.,

    Defendants.
_____/

**ORDER DENYING WITHOUT PREJUDICE
DEFENDANTS' FEBRUARY 16, 2012 MOTIONS  (Doc. Entries 52 and 53)**

**A.**    **Background**

**1.**    **The original complaint describes sixteen (16) defendants.**

Plaintiff Ross Enterprises, Inc., doing business as the Pantheion Club, filed this case on March 18, 2011.  Doc. Ent. 1.  Plaintiff filed its first amended complaint on May 2, 2011.  Doc. Ent. 12.

On July 1, 2011, Ross Enterprises filed a second amended complaint against several defendants.[1]  The causes of action include:

---

[1] It appears that there are sixteen (16) intended, named defendants in this case.  The caption of the July 1, 2011 second amended complaint lists fourteen (14) defendants: City of Dearborn, Corporal Andrea Danak, Sergeant Jeffrey Mrowka, Faten Saab, Samar Tokko, Rameh Saab, Yestofflo, L.L.C., Sason Saad, Subi Junior Saad, Navada Saad, Ali Saad, Mariam Saad, Mohammed Sabhi Saad and Revocable Trust of the Mohammed Sabhi Saad Revocable Living Trust.  Doc. Ent. 24 at 1; Fed. R. Civ. P. 10(a) ("Caption; Names of Parties.").  However, within the identification of parties, plaintiff also lists Subi's Corp. and Subi Saad as defendants.  Doc.

    I.      AS AGAINST DEFENDANTS CITY OF DEARBORN/CORPORAL DANAK/SERGEANT MROWKA FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO 42 U.S.C. § 1983 FOR DEPRIVATION OF PLAINTIFF'S RIGHTS OF FREEDOM OF SPEECH, DUE PROCESS RIGHTS, AND EQUAL PROTECTION TO MAINTAIN NECESSARY LICENSURES AND DO LAWFUL BUSINESS AND ALL OTHER DEPRIVATION OF PLAINTIFF'S RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTIONS AND LAWS

    II.     TORTIOUS INTERFERENCE WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP

    III.    INJURIOUS FALSEHOOD

    IV.    LIBEL OF FEBRUARY 15, 2011

    V.     CIVIL CONSPIRACY

    VI.    MALICIOUS PROSECUTION

Doc. Ent. 24 ¶¶ 54-62, 63-67, 68-72, 73-83, 84-86, 87-91.

**2.    Thirteen (13) defendants remain.**

On January 18, 2012, Judge Cox referred this case to mediation. Doc. Ent. 50. On February 24 or 28, 2012, plaintiff filed eleven (11) notices of acceptance of various defendants' offers of judgment. Doc. Entries 57-66, 68. On March 5, 2012, defendant City of Dearborn, Damak and Mrowka filed an offer of judgment with acceptance. Doc. Ent. 69.

On March 22, 2012, plaintiff filed several motions for judgment (Doc. Entries 72-83), one of which was filed against the City of Dearborn (Doc. Ent. 73). On March 27, 2012, Judge Cox entered both an order (Doc. Ent. 85) denying without prejudice eleven (11) of the twelve (12) motions (Doc. Entries 72, 74-83). That same day, Judge Cox entered plaintiff's judgment against defendant, City of Dearborn and dismissals as to defendants Corporal Andrea Danak and

---

Ent. 24 ¶¶ 15-16.

Sgt Jeffrey Mrowka (Doc. Ent. 86).

Therefore, there are thirteen (13) defendants remaining in the case.

**B.   Pending Motions by Nine (9) of the Defendants**

In the meantime, on February 16, 2012, nine (9) defendants [Yestofflo, LLC; Jason Saad; Subi's Corp; Subi Saad; Subi Saad, Jr.; Navada Saad; Ali Saad; Miriam Saad; and Revocable Trust of the Mohammed Sabhi Saad Revocable Living Trust] filed a combined (a) motion to compel deposition of Marwan Haidar,[2] (b) motion to compel answers to defendants second set of interrogatories directed to plaintiff, Ross Enterprises, Inc., d/b/a the Pantheion Club dated December 6, 2011, and (c) motion to hold plaintiff in contempt of court.  Doc. Ent. 52.[3]

On the same day, the same nine (9) defendants filed a motion to compel answers to their requests for production of documents directed to co-defendants Rameh Saab and Samar Tokko dated November 4, 2011.  Doc. Ent. 53.[4]

**C.   Discussion**

---

[2]On February 10, 2012, plaintiff filed a motion to quash deposition of Marwan Haidar and disqualify attorney David Ghannam from the continued legal representation of defendants due to conflict of interest.  Doc. Ent. 51.  However, on March 20, 2012, plaintiff filed a notice of withdrawal of its motion to compel disqualification of David Ghannam from representing certain defendants.  Doc. Ent. 71.

[3]Attached to the motion are (1) Defendants' Second Set of Interrogatories directed to Plaintiff, Ross Enterprises, Inc. d/b/a The Pantheion Club on December 6, 2011; (2) Re-Notice of Taking Deposition of Marwan Haidar dated December 13, 2011; (3) Re-Notice of Taking Deposition of Marwan Haidar dated January 5, 2012; (4) Fax received from Plaintiff's counsel dated February 10, 2012; and (5) Email to Plaintiff's Counsel dated February 15, 2012.  Doc. Ent. 52 at 12-35.

[4]Attached to the motion are (1) Defendants' Requests for Production of Documents to Co-Defendants Rameh Saab and Samar Tokko dated November 4, 2011; (2) Emails to Co-Defendants' Counsel; and (3) Email to Co-Defendants' counsel dated February 15, 2012.  Doc. Ent. 53 at 10-20.

1. **Currently, the nine (9) defendants' pending motions (Doc. Entries 52 & 53) are not scheduled for hearing.**

    On February 21, 2012, Judge Cox referred these motions to me for hearing and determination. Doc. Ent. 55. On February 27, 2012, a hearing on these motions was noticed for March 28, 2012. Doc. Ent. 67. On March 27, 2012, the hearing was renoticed for April 30, 2012. Doc. Ent. 84. However, on April 19, 2012, the hearing scheduled for April 30, 2012 was cancelled.

    At this time, the motions are not scheduled for hearing.

2. **Each of the nine (9) defendants' pending motions (Doc. Entries 52 & 53) is unopposed.**

    Plaintiff has not filed a response to either of defendants' February 16, 2012 pending motions (Doc. Entries 52 and 53). Therefore, these motions could be granted as unopposed. *See* E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available.").

3. **Two (2) of the non-moving defendants (Samar Tokko & Rameh Saab) are implicated by one of the nine (9) defendants' pending motions (Doc. Ent. 53).**

    The four (4) remaining defendants who are not parties to the motions currently before the

4

Court are Samar Tokko, Rameh Saab, Faten Saab[5] and Mohammed Sabhi Saad.[6] Two (2) of them - Rameh Saab and Samar Tokko - are implicated by one of the pending motions (Doc. Ent. 53).

Samar Tokko and Rameh Saab are represented by counsel. *See* Doc. Ent. 19 (attorney Michael L. Kalis), Doc. Ent. 49 (attorney Elias Muawad).[7] To date, Rameh Saab and Samar Tokko have filed a June 2, 2011 answer (Doc. Ent. 19). Also, Tokko filed a stipulation for substitution of counsel on December 21, 2011 (Doc. Ent. 49).

**4.     There are still thirteen (13) defendants in this case, because plaintiff has not refiled any of his motions for judgment in accordance with the direction set forth by Judge Cox in his March 27, 2012 order.**

As noted above, eleven (11) of plaintiff's twelve (12) motions for judgment were denied without prejudice. Doc. Ent. 85. However, Judge Cox's March 27, 2012 order specifically explained how plaintiff might comply with Fed. R. Civ. P. 68 ("Offer of Judgment"):

---

[5]Faten Saab is represented by Edward G. Youmans. Doc. Entries 29-31. Faten Saab has filed an answer (Doc. Ent. 29) to plaintiff's second amended complaint, an appearance of counsel (Doc. Ent. 30) and affirmative defenses (Doc. Ent. 31), as well as a November 18, 2011 witness list (Doc. Ent. 39).
    On February 24, 2012, plaintiff filed an acceptance of defendant Faten Saab's offer of judgment dated February 13, 2012. Doc. Ent. 59. On March 22, 2012, plaintiff filed a motion for entry of judgment against defendant Faten Saab pursuant to Fed. R. Civ. P. 68. Doc. Ent. 74. However, as discussed above, Judge Cox denied this motion without prejudice on March 27, 2012. Doc. Ent. 85.

[6]As an initial matter, while defendant Revocable Trust of the Mohammed Sabhi Saad Revocable Living Trust (Doc. Ent. 24 ¶ 22) has appeared in this case, it does not appear that defendant Mohammed Sabhi Saad (Doc. Ent. 24 ¶ 21) has appeared in this case.

[7]On December 21, 2011, Tokko filed a stipulation for substitution of counsel, whereby "attorney Elias Muawad be allowed to substitute in as counsel for Defendant Samar Tokko only in place of and instead of attorney Michael Kalis." Doc. Ent. 49.
    Although attorney Muawad filed this document in CM/ECF, he is listed as counsel of record on the docket.

5

> Plaintiff may re-file each of these motions, in order to comply with Rule 68, by attaching:  1) the offer of Judgment from the Defendant at issue, with proof of service; and 2) the Plaintiff's notice of acceptance of that offer of judgment, with proof of service. Plaintiff should also submit, as an exhibit to each motion, a proposed judgment.

Doc. Ent. 85 at 2.  Judge Cox further noted: "Plaintiff previously filed multiple notices of acceptance before filing the pending motions seeking judgment. (See, e.g. Docket Entry No. 57). Nevertheless, given the number of judgments sought by Plaintiff, for purposes of record clarity, Plaintiff should attach these notices when re-filing its motions seeking judgment." Doc. Ent. 85 at 2 n.2.

Plaintiff has not filed anything in this case since Judge Cox's March 27, 2012 order (Doc. Ent. 85).

**5.     Still, the nine (9) defendants' February 16, 2012 pending motions (Doc. Entries 52 & 53) will be denied without prejudice.**

However, the foregoing procedural history, such as offers of judgment and/or motions for judgment, makes it clear to the Court that the parties have engaged in and/or are engaging in some type of settlement discussion.

For this reason, and in the interest of docket management, defendants' February 16, 2012 motions (Doc. Entries 52 and 53) will be denied without prejudice.  However, the nine (9) defendants may renew their February 16, 2012 motions (Doc. Entries 52 and 53) if, within thirty (30) days of the date of this order, the remaining thirteen (13) defendants are not terminated or dismissed - whether by compliance with Judge Cox's March 27, 2012 direction (Doc. Ent. 85) or entry of an order of dismissal, etc.

**D.     Order**

Accordingly, defendants' February 16, 2012 motion to compel deposition, to compel

answers to interrogatories and to hold plaintiff in contempt of Court (Doc. Ent. 52) is DENIED WITHOUT PREJUDICE.

Also, defendants' February 16, 2012 motion to compel answers to requests for production of documents (Doc. Ent. 53) is DENIED WITHOUT PREJUDICE.

The attention of the parties is drawn to FED. R. CIV. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file any objections for consideration by the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.


Dated: May 3, 2012
s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing notice was sent to parties of record on May, 3, 2012 electronically and/or U.S. mail.

s/Michael Williams
Relief Case Manager for the Honorable
Paul J. Komives

7